[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CUSTODY AND VISITATION; DEFENDANT'S MOTION TO MODIFY ALIMONY, CODED 119; PLAINTIFF'S MOTION FOR POSSESSION, CODED 121; AND PLAINTIFF'S MOTION FOR CONTEMPT, CODED 122
The court heard testimony regarding the above four motions on July 23, 1998. Some of the facts that give rise to the above motions are not in dispute.
The parties entered into a stipulation, dated February 2, 1998, which was approved by the court on February 2, 1998. That stipulation provided as follows:
 1. The parties shall have joint legal custody of the minor child, Brittney Stout, with primary residence to the defendant. The Plaintiff, Mike Stout, shall have visitation with the child as follows: CT Page 8960
 a) every other weekend from Friday 7 p.m. until Sunday 7 p.m.;
 b) two overnights during the week to be mutually agreed upon by the parties.
 2. The parties shall equally share time with the child on all holidays and school vacations.
 3. The Husband shall pay to the Wife, the sum of $500.00 per month commencing February 1, 1998, as and for support of the minor child.
 4. The parties agree that the minor child, Brittney Stout, shall not be permitted to be in the physical presence of the maternal grandfather, Donald Franks, until completion of the Family Relations Evaluation and further order of the court.
 5. The parties shall complete the Parenting Education Program within sixty (60) days.
The plaintiff now seeks to modify the custody and visitation order entered on February 2, 1998, and the defendant seeks to modify the financial order entered on that date.
A. PLAINTIFF'S MOTION TO MODIFY CUSTODY AND VISITATION
The parties have submitted to the court various proposed orders. The court finds that it is in the best interest of the minor child that the proposed orders submitted on behalf of counsel for the minor child regarding the entry of an order for joint legal and physical custody of the minor child is in the best interest of the minor and therefore enters orders in accordance with that proposal as well as paragraphs 1 through 9 of that proposed order.
B. DEFENDANT'S MOTION TO MODIFY ALIMONY, CODED 119
The parties agreed on July 23 1998, that the court could consider the defendant's motion to modify alimony, coded 119, as a combined motion to modify alimony and to modify the existing support order.
When the existing support order of $500 a month was entered on February 2, 1998, the plaintiff had two minor children from a CT Page 8961 prior marriage residing with him. One of those children has now graduated high school and is past age eighteen. On February 2, 1998, the plaintiff had a gross weekly income of $1687.40, excluding bonus income. He also had income from gas and royalties of $104.65, less deductions. At the present time, the plaintiff has gross weekly income of $1866.73, excluding bonus income. He also has gas and royalty income of $96.03. On February 2, 1998, the defendant had gross weekly income of $933.12, less deductions. At the present time, the defendant has gross weekly income of $933.12, less deductions. For the purposes of determining the motion to modify alimony and support, the court finds that the plaintiff's gross weekly income, including bonus, $2126. The plaintiff received a bonus of $27,792 on or about March 15, 1998 He shows on his financial affidavit a weekly bonus of $164.41. He received a bonus check of $27,792 on March 15, 1998. The $164.41 shown on his financial affidavit represents allocating that check over an approximate 169 week period. The court is allowing that treatment for the limited purpose of the motion before the court which does not necessarily mean that the bonus should be treated in the same fashion for the limited contested hearing itself. The combined net weekly income of the plaintiff and the defendant is $2190. This income exceeds the child support guideline maximum combined net weekly income which is $1750. The child support guideline amount for $1750 is a total support order of $327 weekly. Above $1750, the court remains free to fashion appropriate court awards on a case-by-case basis, provided the amount of support prescribed at the $1750 level is presumed to be the minimum that would be ordered in such cases. The court finds that I there has been a substantial change in circumstances from the date the pendente lite order was entered on February 2, 1998 and the present date, as a result of the plaintiff's income having been increased, and as a further result of the plaintiff now having only one other minor child for whom he is responsible to support rather than two. The court finds in this case that the child support guideline amount is inappropriate and inequitable based on the shared custody order that the court has entered and based on the fact that the plaintiff is legally responsible for the support of one remaining minor child.
The defendant's request to order the plaintiff to pay alimony in the amount of $50 per week is denied. The defendant's request to increase support is granted, and support is increased from $500 per month to $700 monthly. In addition, at the present time the plaintiff is paying one-half of the minor child's tutoring CT Page 8962 expenses and one-half of her day care expenses, as well as one-half of her summer camp cost and one-half of the unreimbursed, medical expenses. The court orders that the plaintiff continue to be responsible for paying such amounts.
C. PLAINTIFF'S MOTION FOR POSSESSION, CODED 121
The court enters the following orders regarding this motion:
 (1) the plaintiff is awarded exclusive possession of the marital residence located at 33 Greenknol Drive, Brookfield, Connecticut; and
 (2) the defendant is awarded exclusive possession of the residence presently occupied by her.
 D. PLAINTIFF'S MOTION FOR CONTEMPT, CODED 122
The court finds that the plaintiff has failed to prove by a fair preponderance of the evidence that the defendant is in willful violation of the stipulated order entered into between the parties, dated February 2, 1998, and therefore denies the motion for contempt. No counsel fees are awarded in favor of either party arising out of this motion.
Axelrod, J.